# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:14-CV-577-RJC-DCK

| | |
|---|---|
| US AIRLINE PILOTS ASSOCIATION, et al, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROGER VELEZ, LEONIDAS, LLC, et al, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion Of The Bollmeier I Defendants, The Bollmeier Plaintiffs, USAPA, Velez and Leonidas LLC To Conduct Early Mediation" (Document No. 97) filed December 21, 2015. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion in part, and deny the motion in part.

By the instant motion, the movants report that they agree to immediately pursue a mediated settlement conference and believe that early mediation may provide an opportunity to resolve this matter before significant time and expense are incurred litigating. (Document No. 97). The movants request that the only parties who do not join in this motion, Robert Frear, Ronald Nelson, Paul Diorio and Paul Music (the "Bollmeier II Defendants"), be required to join the movants in early mediation. Id.

The Bollmeier II Defendants have filed a response stating that they oppose being required to conduct early mediation. (Document No. 99). The Bollmeier II Defendants assert that if the Court grants their pending motions to dismiss and for reconsideration, this case will be fully

resolved. Id. As such, the Bollmeier II Defendants argue that they should not be required to participate in expensive and time-consuming mediation at this juncture. Id.

The undersigned commends the moving parties for working together in an effort to seek an early and efficient resolution of this matter. Those parties are allowed, and encouraged, to continue their efforts to narrow the issues or completely resolve this matter through early mediation, or through informal settlement discussions. However, the Court will decline to require the Bollmeier II Defendants to participate in early mediation. Under the current circumstances, the undersigned is not persuaded that requiring the Bollmeier II Defendants to participate in early mediation would be productive.

**IT IS, THEREFORE, ORDERED** that the "Motion Of The Bollmeier I Defendants, The Bollmeier Plaintiffs, USAPA, Velez and Leonidas LLC To Conduct Early Mediation" (Document No. 97) is **GRANTED in part, and DENIED in part**, as described herein. The movants are free to engage in early mediation or other settlement efforts, but the Bollmeier II Defendants are not required to participate in early mediation.

**SO ORDERED**.

Signed: January 4, 2016

David C. Keesler
United States Magistrate Judge