UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00577-RJC-DCK

| US AIRLINE PILOTS ASSOCIATION, | ) | |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| ROGER VELEZ, on behalf of himself | ) | |
| and all similarly situated former | ) | |
| America West Pilots, and | ) | |
| LEONIDAS, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** comes before the Court on the parties' Notice of Settlement, Joint Motion for Stay, and Request to Schedule Fairness Hearing (the "Motion"). (Doc. No. 112). The Motion requests that the Court stay all current scheduling and filing deadlines and schedule a fairness hearing. As discussed below, the Motion is **granted in part** and **denied in part without prejudice** to be refiled at the appropriate time.

I. DISCUSSION

Rule 23 of the Federal Rules of Civil Procedure requires that a court approve any proposed settlement or compromise in a class action suit and that notice of the settlement be given to all class members. Fed. R. Civ. P. 23(e). Before a court may approve the settlement, however, the class must be conditionally certified. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997); In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 534 (3d Cir. 2004). Even where the parties agree to class certification as part of a settlement, the court must still review the case to ensure that it meets the requirements for certification under Fed. R. Civ. P. 23.

See Amchem Products, Inc., 521 U.S. at 620. Requiring certification and court approval of the settlement helps to ensure the protection of class members whose rights may not have received sufficient consideration in the settlement negotiations. In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158 (4th Cir.1991).

In order to review the merits of a proposed class action settlement, courts generally employ a two-step approach. Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F. Supp. 825, 827 (E.D.N.C.1994). First, the court engages in a preliminary approval analysis "to determine whether the proposed settlement is within the range of possible approval or, in other words, whether there is probable cause to notify the class of the proposed settlement." Id. (internal quotation marks omitted). Second, after preliminary approval is granted and the class notified, the court holds a "fairness hearing," where all interested parties may be heard on the proposed settlement. Id. After the fairness hearing, if the court concludes that the proposed settlement is "fair, reasonable, and adequate," it will give final approval to the settlement. Id.; Fed. R. Civ. P. 23(e)(2).

In light of the parties' settlement in principle of all the consolidated cases in this matter, the Court finds that there is good cause to stay all current scheduling and filing deadlines pending the final approval of the parties' proposed settlement. Accordingly, the Court will **grant** the parties' request for a stay of all deadlines.

However, pursuant to the above summarized procedure, the Court finds that the parties' request for a fairness hearing is premature. The class has not been certified, the Court has not been provided the proposed settlement agreement or other documents it must review and approve, the Court has not granted preliminary approval of the settlement, and the class has not be notified. Accordingly, the Court will **deny** the parties' request for a fairness hearing **without**

**prejudice**.

In order to facilitate the appropriate settlement steps, the parties' are directed to file a joint motion for conditional certification of the proposed settlement class and for preliminary approval of the class action settlement. The motion shall be filed within **thirty (30) days** of the entry of this Order. The motion shall be accompanied by a supporting memorandum that fully sets forth the grounds for class certification, the primary terms of the proposed settlement, the grounds for preliminary approval of the class settlement, a proposed settlement timeline, and any proposals regarding appointments of class representatives, class counsel, and/or a settlement/claims administrator.[1] The motion shall also include, as exhibits, the following: (1) the proposed settlement agreement; (2) a proposed Notice of Settlement and Notice of Fairness Hearing; (3) a proposed Settlement Claim Certification Form and Release; and (4) a proposed order granting conditional class certification, preliminarily approving the settlement, and providing for notice.[2] The Court will notice a hearing on the motion if, after reviewing the motion and supporting documents, it determines that such a hearing is necessary.

---

[1] See In re Red Hat, Inc. Sec. Litig., No. 5:04-cv-473-BR(3), 2010 WL 2710517 (E.D.N.C. June 11, 2010) (discussing the Fourth Circuit's two-part test for deciding whether to preliminarily approve a class settlement); Beaulieu v. EQ Indus. Servs., Inc., No. 5:06-cv-00400-BR, 2009 WL 2208131 (E.D.N.C. July 22, 2009) (discussing conditional class certification, preliminary approval of class settlement, approval of content and method of class notice, and other relevant matters).

[2] Pursuant to Local Civil Rule 7.1(G), the proposed order must be submitted as a Word document through cyberclerk. The Court directs the parties to also file the proposed order as an exhibit attached to the motion on ECF.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that

1. The parties' Notice of Settlement, Joint Motion for Stay, and Request to Schedule Fairness Hearing, (Doc. No. 112), is **GRANTED in part** and **DENIED in part without prejudice** on the terms provided herein.

2. All current scheduling and filing deadlines, including but not limited to, the deadlines for responses to the pending Motion to Dismiss Third-Party Complaints, (Doc. No. 104), and Motion to Hold Defendants in Contempt, (Doc. No. 105), are hereby **STAYED**.

3. The parties shall file a joint motion for conditional certification of the proposed settlement class and for preliminary approval of the class action settlement within **thirty (30) days** of the entry of this Order. The motion shall be accompanied by a supporting memorandum and exhibits as directed herein.

Signed: March 11, 2016

Robert J. Conrad, Jr.
United States District Judge