UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00577-RJC-DCK

| | |
|---|---|
| US AIRLINE PILOTS ASSOCIATION, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ROGER VELEZ, on behalf of himself ) | |
| and all similarly situated former ) | |
| America West Pilots, and ) | |
| LEONIDAS, LLC, ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** comes before the Court on the parties' Joint Motion for Conditional Certification of Class Action for Settlement Purposes Only, Preliminary Approval of the Settlement, and Approval of the Content and Method of Distribution of Notice to Class Members ("Joint Motion"). (Doc. No. 115). The moving parties submitted the Settlement Agreement and Release ("Settlement Agreement"), (Doc. No. 115-1), and the proposed Notice of Settlement Agreement and Fairness Hearing ("Notice"), (Doc. No. 115-2), for approval. Having reviewed the exhibits and the memorandum submitted by the parties in support of the Joint Motion, the Court finds that the Joint Motion should be **granted**.

**I. DISCUSSION**

In their motion, the parties to these Consolidated Cases[1] seek conditional certification of this case as a class action for purposes of settlement in accordance with the Settlement Agreement.

---

[1] The Consolidated Cases consist of the above-captioned case, USAPA v. Velez, et al., 3:14-cv-577-RJC-DCK, as well as two other cases that were consolidated into this case, Bollmeier v. Hummel, et al., 3:15-cv-00111-RJC-DCK, and Bollmeier v. Frear, et al., 3:15-cv-

The law permits conditional certification for settlement purposes only; however, even where the parties agree to class certification as part of a settlement, the Court must still review the case to ensure that it meets the requirements for certification under Federal Rule of Civil Procedure 23. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997).

   A.  Conditional Class Certification

Before determining whether a class should be certified, the district court must make two initial determinations: (1) whether a precisely defined class exists; Haywood v. Barnes, 109 F.R.D. 568, 576 (E.D.N.C. 1986); and (2) whether the class representative is a member of the proposed class, East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403 (1977). The proposed settlement in this case provides for two settlement classes.

The East Pilot Settlement Class is defined as:

> All pilots who were employed by US Airlines/American Airlines as of September 16, 2014, and who were listed on the US Airways East Pilot Seniority List.

The West Pilot Settlement Class is defined as:

> All pilots who were employed by US Airlines/American Airlines as of September 16, 2014, and who were listed on the US Airways West Pilot Seniority List.

(Doc. No. 115-1 at 1).

The Court finds that both initial determinations are satisfied. The East Pilot Settlement Class and the West Pilot Settlement Class are sufficiently precise, and the named representatives are each members of their respective class. John Owens, Bob Burdick, and Mark King were all employed by US Airlines/American Airlines as of September 16, 2014, and were listed on the US Airways East Pilot Seniority List. Eddie Bollmeier, Bill Tracey, and Simon Parrott were all

---

00480-RJC-DCK.

employed by US Airlines/American Airlines as of September 16, 2014, and were listed on the US Airways West Pilot Seniority List.

Next, the Court must determine whether the purported classes satisfy the four threshold requirements of Rule 23(a), as well as the requirements for certification under one of the three subsections of Rule 23(b).[2] Fed. R. Civ. P. 23; see also Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 423 (4th Cir. 2003). Rule 23(a) provides that a case is appropriate for certification as a class action if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These four requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation.

The Court finds that the four requirements of Rule 23(a) are met. First, the proposed classes satisfy the numerosity requirement because they consist of approximately 1,600 West Pilots and 3,576 East Pilots. Second, there are questions of law and fact common to the classes; therefore, the commonality requirement is met. Third, the typicality requirement is met because the claims of the representative parties are identical to the claims of the proposed classes. Fourth, it appears that the representative parties will fairly and adequately protect the interests of the class because their interests are identical and not antagonistic.

Finally, a putative class satisfies Rule 23(b)(2) if "[1] the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that [2] final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P.

---

[2] The parties in this case are seeking certification under Rule 23(b)(2). (Doc. No. 116 at 8).

23(b)(2). Accordingly, Rule 23(b)(2) does not "cover cases where the primary claim is for damages, but is only applicable where the relief sought is exclusively or predominantly injunctive or declaratory." Lukenas v. Bryce's Mountain Resort, Inc., 538 F.2d 594, 595 (4th Cir. 1976). Although the proposed Settlement Agreement includes monetary payment by USAPA to counsel for the benefit of the West Pilots, the payment is "incidental" and "non-individualized" and does not predominate the uniform injunctive and declaratory relief the settlement provides. See Berry v. Schulman, 807 F.3d 600, 609 (4th Cir. 2015). Therefore, the Court finds that the East and West Settlement Classes satisfy Rule 23(b)(2) because the relief sought in the Consolidated Cases is predominantly injunctive or declaratory, and not for money damages.

Accordingly, with respect to the proposed Settlement Agreement among the parties, the Court preliminarily finds that the applicable requirements of Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure are satisfied. The Consolidated Cases shall be conditionally certified, for settlement purposes only, as a class action pursuant to Rules 23, 23.1, and 23.2 of the Federal Rules of Civil Procedure on behalf of the proposed Settlement Classes.

B. Class Counsel and Class Representatives

The parties also move for appointment of their respective counsel as class counsel and for appointment of class representatives. Rule 23(g)(1)(A) states that, in appointing class counsel, the Court must consider the following:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The Court finds that all of these factors weigh in favor of appointing each party's respective counsel as class counsel. Both counsel have significant experience and have demonstrated substantial knowledge of the applicable law. Counsel have also expended significant resources investigating the claims in the Consolidated Cases and negotiating to reach the Settlement Agreement. Furthermore, nothing indicates that counsel will not continue devoting significant resources to adequately representing their respective Class. Therefore, the Court hereby appoints Seham, Seham, Meltz & Petersen, LLP (specifically attorneys Lee Seham and Stanley J. Silverstone) as Class Counsel for the East Pilot Settlement Class and the ASU Alumni Law Group (specifically attorneys Marty Harper and Kelly J. Flood) as Class Counsel for the West Pilot Settlement Class.

With regard to class representatives, the Court has already found that the proposed representatives are each members of their respective class. There is no indication that the proposed class representatives have any conflict with any other Class Member, and therefore, the Court further finds that the proposed class representatives will fairly and adequately protect the interests of their respective class. Accordingly, the Court hereby appoints John Owens, Bob Burdick, and Mark King as Class Representatives for the East Pilot Settlement Class and Eddie Bollmeier, Bill Tracey, and Simon Parrott as Class Representatives for the West Pilot Settlement Class.

C. Preliminary Approval of the Settlement Agreement

Next, the parties jointly request that the Court preliminarily approve the Settlement Agreement under Rule 23(e) and 23.1(c). The Settlement Agreement would put to final rest eight years of litigation between the East Pilots and West Pilots. The main terms of the Settlement

Agreement include: (1) settlement of the West Pilots' claim for attorneys' fees in Addington v. USAPA, et al., 2:08-cv-01633-NVW, US Airways v. Addington, et al., 2:10-cv-01570-ROS, and Addington v. USAPA, et al., 2:13-CV-00471-ROS, (collectively, the "Addington Cases"), and all claims, counterclaims, and third-party claims in the Consolidated Cases; (2) certification of a class of East Pilots and a class of West Pilots; (3) payment by USAPA in the amount of $5.5 million to counsel for the benefit of the West Pilots, representing full and final consideration in settlement of the Consolidated Cases and the West Pilots' motion for attorneys' fees in the Addington Cases; (4) dismissal of all claims, counterclaims, and third-party claims by all parties with prejudice; (5) converting certain terms of the Court's August 27, 2015 preliminary injunction relating to certain activities of USAPA into a permanent injunction, and extending its duration for three years from entry of the Final Order; and (6) mutual releases of all possible related claims.

Rule 23(e) requires that the court approve any proposed settlement of a class action, and that notice of the settlement be given to all class members. At this preliminary stage of settlement proceedings, the court need only decide "whether the proposed settlement is within the range of possible approval or, in other words, whether there is probable cause to notify the class of the proposed settlement." Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F. Supp. 825, 827 (E.D.N.C. 1994) (internal quotation marks omitted). The ultimate purpose of court approval is to ensure that the settlement is "fair, reasonable, and adequate." Id. "In applying this standard, the Fourth Circuit has bifurcated the analysis into consideration of fairness, which focuses on whether the proposed settlement was negotiated at arm's length, and adequacy, which focuses on whether the consideration provided the class members is sufficient." Beaulieu v. EQ Indus. Servs., Inc., No. 5:06-CV-00400BR, 2009 WL 2208131, at *24 (E.D.N.C. July 22, 2009) (citing In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158–59 (4th Cir. 1991)). A four-factor test is applied to

determine the fairness of a proposed settlement: "(1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue." Id.

The Consolidated Cases had been actively and rigorously litigated with extensive motion practice by the time settlement was reached in this matter. Prior to reaching a settlement, the parties engaged in a combination of formal and informal discovery, and counsel for the parties conducted extensive investigation relating to the potential claims and the underlying events and transactions and researched the applicable law with respect to the claims and defenses. The parties and their counsel then engaged in court-approved mediation over three days in Charlotte, North Carolina, in January 2016, which did not result in an agreement. However, the parties continued negotiating in the weeks following the mediation sessions, and those negotiations ultimately resulted in the Settlement Agreement. Counsel for both sides have been representing their respective party in multiple actions related to these issues for many years now, and they have ample experience in the type of case at issue here. Consequently, the Court finds that all the fairness factors favor preliminary approval of the Settlement Agreement.

In analyzing the adequacy of the settlement, the relevant factors include:

> (1) the relative strength of the plaintiffs' case on the merits, (2) any difficulties of proof or strong defenses the plaintiffs would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, and (5) the degree of opposition to the proposed settlement.

Beaulieu, 2009 WL 2208131, at *26 (citing Jiffy Lube, 927 F.2d at 158; Horton, 855 F. Supp. at 829–30).

Regardless of the strength of a claim on the merits, one can never ensure a finding of

liability in complex litigation like this. Similarly, all parties to this litigation face significant difficulties and risks in establishing liability and defending against the claims. Therefore, the Court finds that the first two adequacy factors weigh in favor of approving the Settlement Agreement. The third factor clearly weighs in favor of settlement. The parties to the Consolidated Cases have been litigating these issues for eight years, and the Cases are still in the early stages of litigation. Settling this matter now will save the parties from years of litigation and expense. Fourth, USAPA is no longer a certified union receiving dues income; therefore, its solvency is a concern that weighs in favor of approving the Settlement Agreement. Finally, although the parties are aware of several potential objectors to the settlement, it appears that the majority of the class members prefer to end this lengthy dispute with settlement. Consequently, the Court finds that the Settlement Agreement is fair, adequate, and within the range of possible final approval such that it is reasonable and should be preliminarily approved.

    D.  <u>Approval of Content and Method of Notice</u>

The parties have submitted a proposed Notice, (Doc. No. 115-2), which they ask the Court to approve and to authorize distribution thereof. Because the Court has certified the Class under Rule 23(b)(2), there are no specific requirements for the notice. Rather, the Court may direct any appropriate notice to the Class. Fed. R. Civ. P. 23(c)(2)(A).

The Court has reviewed the proposed Notice and has no objections to its content. There are, however, several items that the Court finds should be added to or modified in the Notice. Accordingly, the Court hereby approves the proposed Notice, as attached as Exhibit 2 to the Joint Motion, (Doc. No. 115-2), with the following additions and modifications.

    1.  The following shall be added to the beginning of the Notice after the heading that reads "**NOTICE OF SETTLEMENT AGREEMENT AND FAIRNESS**

HEARING": "**<u>A FEDERAL COURT HAS AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.</u>**"

2. In the first paragraph on page 3, the sentences reading, "Eventually LMRDA action I and LMRDA action II were consolidated with the USAPA DJ Action. All of these cases were consolidated before Judge Conrad in the federal court for the Western District of North Carolina." shall be modified to read, "Eventually, LMRDA action I and LMRDA action II were consolidated with the USAPA DJ Action before the U.S. District Court for the Western District of North Carolina (the "Court")." Each subsequent reference to the U.S. District Court for the Western District of North Carolina shall be changed to "the Court."

3. In the second paragraph on page 3, the phrase "Judge Conrad issued a preliminary injunction" shall be changed to read, "the Court issued a preliminary injunction."

4. In the fifth paragraph on page 3, the phrase "the Honorable Robert J. Conrad, Jr. of the Western District of North Carolina, issued" shall be changed to "the Court issued."

5. All references to "Judge Conrad" on page 4 and, to the extent the Court has overlooked references not specifically addressed here, all such references throughout the Notice, shall be changed to "The Court." For example, the phrases "Judge Conrad preliminarily determined" and "Judge Conrad appointed" shall be changed to "The Court preliminarily determined" and "The Court appointed."

6. Under item number 3 on page 8, the phrase "if approved by Judge Conrad," shall be changed to read "if approved by the Court."

7. Under item number 4 on page 9, the phrase "both by Judge Conrad in LMRDA

action I" shall be changed to read "both by the Court in LMRDA action I."

8. Under item number 7 on page 10, the phrase "in the courtroom of the Honorable Robert J. Conrad, at the following address: United States District, Western District of North Carolina, 235 Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, N.C. 28202" shall be changed to read "in Courtroom 2-1, located at the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202."

9. The following shall be added to the end of the paragraph under item number 8 on page 10: "If there are objections to the Settlement Agreement, the Court will consider them. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later. The Fairness Hearing may be continued without further notice to the Classes."

10. The last sentence in the second paragraph on page 11 shall be changed from "will not be considered by the Court" to "may not be considered by the Court."

11. The following sentence shall be added to the end of the third paragraph on page 11, which ends with the phrase "issues that you did not address in your written objections or comments or request": "Non-written, untimely, or otherwise non-compliant objections, comments, and/or requests to speak may not be considered by the Court."

12. Links, webpage addresses, and/or directions for accessing the specific webpage containing the indicated information shall be added to the end of the paragraph under item number 10 on page 11. For example, "This information may be accessed at http://leonidas.cactuspilots.us/settlement and http://www.usairlinepilots.org/settlement."

13. Attorney Lee Seham shall be added as a contact under item 11.B. on page 12 along with his contact information in similar form to that which is listed for Stanley J. Silverstone.

14. The following paragraph shall be added on page 12 after the paragraph ending with "Only those submissions will be provided to the Court." and immediately before the "Conclusion": "All questions regarding the Settlement Agreement or the related proceedings must be directed to your Class Counsel, and all objections, comments, and/or any other correspondence that you wish the Court to consider must be directed to Grant Thornton, LLP. **<u>DO NOT CONTACT THE COURT WITH QUESTIONS, OBJECTIONS, COMMENTS, AND/OR ANY OTHER CORRESPONDENCE REGARDING THE SETTLEMENT AGREEMENT OR THE RELATED PROCEEDINGS. THE COURT WILL NOT RECEIVE OR RESPOND TO ANY SUCH COMMUNICATIONS.</u>**"

15. The "Conclusion" sentence on page 12 shall be modified to read, "This Notice and its contents have been authorized by the United States District Court for the Western District of North Carolina."

As to the method of notice, the parties propose to give notice through several different avenues. The Notice and its supporting documents[3] will be mailed by regular first-class mail to the last-known address of each member of the Settlement Classes. In addition, the Notice will be delivered by email to those Class Members for whom Class Counsel has or has access to an email address. The Notice will also be posted on the public portion of the USAPA and Leonidas, LLC

---

[3] The documents mailed shall be the Notice, Settlement Agreement and Release, this Order, and the Memorandum of Settlement (collectively, the "Notice").

websites. The Court hereby approves the parties' plan for disseminating the Notice with the following modifications.

1. If a Notice is returned to Class Counsel by the United States Postal Service with a forwarding address for the recipient, Class Counsel shall re-mail the Notice to that address. In the event that, subsequent to the first mailing of the Notice and at least seven days prior to the deadline for submitting objections, comments, and/or requests to speak, the Notice is returned to Class Counsel by the United States Postal Service because the address of the recipient is no longer valid, Class Counsel shall perform a standard skip trace in an effort to attempt to ascertain the current address of the particular Class Member in question, and if such an address is ascertained, Class Counsel will promptly re-send the Notice.

E. Settlement Agreement Timeline

The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711 to 1715, requires, in relevant part, that within ten days after a proposed settlement of a class action under Rule 23 is filed in court, each defendant participating in the proposed settlement shall serve on the appropriate Federal and State regulatory officials a notice providing specified information and documents regarding the proposed settlement. 28 U.S.C. §§ 1711, 1715(a), (b). The statute further provides that an order giving final approval to the proposed settlement may not be issued earlier than 90 days after service of the notice upon the appropriate Federal and State officials.[4] § 1715(d). To the extent these actions have not already been done, Class Counsel for the East Pilot Settlement Class and Class Counsel for the West Pilot Settlement Class shall each provide the notice and other

---

[4] Consequently, the earliest date upon which the Fairness Hearing could be held in this case is July 20, 2016.

materials as required by 28 U.S.C. § 1715(b) to the appropriate Federal and State officials within **seven (7) days** of the entry of this Order. Each Class Counsel shall also submit a declaration to the Court within **fourteen (14) days** of the entry this Order identifying the officials to whom the materials were sent and the date on which they were sent. For the purpose of providing such notice and materials, the Federal and State officials under CAFA, 28 U.S.C. § 1715(a) and (b), are the Attorney General of the United States and the Attorneys General of the states in which the identified Class Members reside. In light of the terms of the Settlement Agreement, which does not identify or provide for any monetary award attributable to Class Members who reside in particular states, the Court finds that it is not feasible to include in the notices the information described in CAFA, 28 U.S.C. § 1715(b)(7)(A) & (B).

Upon review of the parties' proposed timeline and in light of CAFA, the Court finds that it is necessary to modify the proposed timeline for notice and final approval of the Settlement Agreement. The schedule for final approval shall be as follows:

| Event | Deadline |
| --- | --- |
| Deadline for Notices to be mailed and emailed to Class Members | Twenty (20) days from entry of this Order |
| Deadline for posting of Notice on USAPA and Leonidas websites | Twenty (20) days from entry of this Order |
| Deadline for submitting objections, comments, and/or requests to speak at the Fairness Hearing | Eighty (80) days from entry of this Order |
| Deadline for submitting responses to objections and/or comments | August 8, 2016 |
| Deadline for the parties to file their Joint Motion for Final Approval of the Settlement Agreement | August 8, 2016 |
| Fairness Hearing | August 30, 2016, at 9:30 a.m. |

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Joint Motion for Conditional Certification of Class Action for Settlement Purposes Only, Preliminary Approval of the Settlement, and Approval of the Content and Method of Distribution of Notice to Class Members, (Doc. No. 115), is **GRANTED**.

2. With respect to the proposed Settlement Agreement among the parties, the applicable requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) are satisfied, and the Consolidated Cases are conditionally certified, for settlement purposes only, as a class action pursuant to Rules 23, 23.1, and 23.2 on behalf of the following proposed Settlement Classes:

   The East Pilot Settlement Class is defined as:

   > All pilots who were employed by US Airlines/American Airlines as of September 16, 2014, and who were listed on the US Airways East Pilot Seniority List.

   The West Pilot Settlement Class is defined as:

   > All pilots who were employed by US Airlines/American Airlines as of September 16, 2014, and who were listed on the US Airways West Pilot Seniority List.

3. With respect to the proposed Settlement Agreement among the parties, Rules 23(e), 23.1(c), and 23.2 of the Federal Rules of Civil Procedure are satisfied and this Settlement Agreement is preliminarily determined to be fair, reasonable, and adequate and is preliminarily approved.

4. The form, content, and method of the Notice, as modified above by this Order, comports with Rules 23(c)(2)(A) and 23.1(c) of the Federal Rules of Civil Procedure and due process of law. Dissemination of the Notice shall be made as provided for in

the Settlement Agreement and the joint brief and as modified above by this Order.

5. John Owens, Bob Burdick, and Mark King are preliminarily determined to be adequate representatives for the proposed East Pilot Settlement Class and are so appointed.

6. Eddie Bollmeier, Bill Tracey, and Simon Parrott are preliminarily determined to be adequate representatives for the proposed West Pilot Settlement Class and are so appointed.

7. Pursuant to Rule 23(g), Lee Seham and Stanley J. Silverstone are hereby determined to be adequate Class Counsel for the East Pilot Settlement Class and are so appointed.

8. Pursuant to Rule 23(g), Marty Harper and Kelly J. Flood are hereby determined to be adequate Class Counsel for the West Pilot Settlement Class and are so appointed.

9. To the extent these actions have not already been done, Class Counsel for the East Pilot Settlement Class and Class Counsel for the West Pilot Settlement Class shall each provide the notice and other materials as required by CAFA, 28 U.S.C. § 1715(b), to the appropriate Federal and State officials within **seven (7) days** of the entry of this Order. Each Class Counsel shall also submit a declaration to the Court within **fourteen (14) days** of the entry this Order identifying the officials to whom the materials were sent and the date on which they were sent. As discussed above, the notice need not include the information described in CAFA, 28 U.S.C. § 1715(b)(7)(A) & (B).

10. The Notice shall be mailed by regular first-class mail, delivered by email, and posted on the public portion of the USAPA and Leonidas, LLC websites no later than **twenty (20) days** from the entry of this Order.

11. Any members of the conditionally certified Settlement Classes who elect to object to or comment on the fairness of the Settlement Agreement must do so no later than **eighty**

**(80) days** from the entry of this Order by following the procedures set forth in the Notice.

12. Any members of the conditionally certified Settlement Classes who wish to speak at the Fairness Hearing must submit a written request no later than **eighty (80) days** from the entry of this Order by following the procedures set forth in the Notice. The Court will decide in its discretion who, if anyone, is permitted to speak at the Fairness Hearing.

13. Any parties who elect to respond to any objection or comment on the fairness of the Settlement Agreement must do so no later than **August 8, 2016**.

14. The parties shall jointly move for final approval of the proposed Settlement Agreement by **August 8, 2016**.

15. A Fairness Hearing shall be held to consider final approval of the Settlement Agreement and final certification of the Settlement Classes at 9:30 a.m. on **August 30, 2016**.

16. This action is hereby **STAYED** pending the outcome of the Fairness Hearing.

17. Pending the outcome of the Fairness Hearing, all parties and any and all Class Members are hereby **ENJOINED** from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any of the Released Claims in the Settlement Agreement.

18. The terms of the Settlement Agreement are subject to further evaluation and final approval after notice and objections and comments have been received during the time period between this Order and the Fairness Hearing.

Signed: April 22, 2016

_____
Robert J. Conrad, Jr.
United States District Judge